HAZZARD P. STRYKER v. MICHAEL L. MEAGHER ET AL.

FILED MAY 3, 1906.    No. 14,297.

1. **Section Line: ACTION: INSTRUCTION.** In an action to establish a controverted section line, where the trial is conducted by both parties on the theory that the corner established by the government surveyors was not a lost corner, it is not error to charge

the jury that they are to determine the location of the original boundary line, even though evidence was admitted that a corner had been established by the county surveyor who proceeded on the theory that the original corner was lost.

2. **Adverse Possession:** INSTRUCTION. It is not error to charge the jury that the title to land becomes complete in the adverse occupant when he and his grantors have maintained an actual, continued, notorious and adverse possession thereof, claiming title to the same against all persons, for ten years.

ERROR to the district court for Dawson county: BRUNO O. HOSTETLER, JUDGE. *Reversed with directions.*

*H. M. Sinclair* and *E. A. Cook,* for plaintiff in error.

*Warrington & Stewart, contra.*

JACKSON, C.

The action arose out of a controversy over the boundary line between sections 15 and 22, in township 10 north of range 19 west, in Dawson county. The plaintiffs are the owners of the south half of section 15, and the defendant owns the north half of section 22. The controverted tract is triangular in form, it contains 45½ acres, and extends the entire length of the section line. The plaintiffs proceeded by ejectment. The defense was a plea of title and adverse possession. The finding of the jury and the judgment of the court were favorable to the plaintiffs' claim as to the true location of the section line, but favorable to defendant on his claim of adverse possession as to that part of the disputed tract lying west of the quarter section line extending north and south through section 15. The defendant prosecutes error, and urgently insists that the verdict and judgment are not supported by the evidence. A careful examination of the record has convinced us that the findings of the jury ought not to be disturbed in that respect. As usual in such cases many witnesses testified in behalf of either party. The testimony is direct and conflicting. It presented for determin-

ation a question of fact purely within the province of the jury.

Complaint is made of instruction 5, wherein the court said: "You are instructed that the first question for you to decide in this case is the location of the original boundary line, established by the government between the respective tracts of land between the parties to this litigation." It is said that this instruction is erroneous because of the fact that a certain witness Beatty testified to having established a section corner for the northeast quarter of section 22, on the theory that the corner established by the government could not be found.. The instruction was, without doubt, a correct statement of the law. The original corners and boundary lines established by the government surveyors are the true boundaries. Beatty was a civil engineer, without authority to change the location of such original boundary lines. Furthermore, the case was tried by both parties on the theory that none of the original corners were lost, and the instruction was in line with that theory.

Error is predicated upon the giving of instructions 10 and 12 of the charge. The complaint about these instructions arises out of the use of the word "title." In substance the charge is that adverse possession must be based upon a claim of title, and it is said that this in effect took from the jury all question of right arising under claim of adverse possession. The contention of counsel for plaintiffs in error is that there can be no title to real estate in this state except by some evidence in writing, as a deed or decree of court. Title is defined by Bouvier as "the means whereby the owner of lands hath the just possession of his property"; and he continues: "The lowest and most imperfect degree of title is * * * the *mere possession,* or actual occupation of the estate, without any apparent right to hold or continue such possession; this happens when one man disseises another." By Webster it is defined as that which constitutes a just cause of exclusive possession, that which is the founda-

tion of ownership of property, either real or personal. He also defines ownership as the state of being an owner, the right to own, exclusive right of possession, legal or just claim or title, proprietorship; so that claim of ownership, as used in our former adjudications, is synonymous with claim of title. In *Lantry v. Parker*, 37 Neb. 353, it was held that the operation of the statute of limitations is to vest absolute title in the occupant when he has maintained an actual, continued, notorious and adverse possession under claim of ownership for the statutory period, and the title so acquired may be made the basis of affirmative claim for relief, as well as it may be interposed as a defense, following former decisions of this court. This rule was adhered to in *Twohig v. Leamer*, 48 Neb. 247.

But, whatever merit there may be in the technical definition of title found in the brief of plaintiffs in error, the instruction was clearly without prejudice to the defendant and does not constitute reversible error, because under these instructions the jury found for the defendant on his claim of adverse possession as to that part of the disputed tract lying west of the quarter section line, and the character of the defendant's title to the northeast quarter of section 22 is the same as that of his title to the northwest quarter of that section, so that the jury was neither misled nor confused by the use of the word "title" as it is found in the instructions.

By instruction 15 the court instructed the jury as follows: "In conclusion you are instructed that, in determining the issue of fact in this case, you will take into consideration all the evidence bearing upon the respective questions. The evidence is not what counsel on either side stated to you in the opening statement they expected the testimony to show; nor what they have stated to you in the course of the argument, or to the court in your presence; nor is it what I may have stated to you or in your presence that my recollection of the testimony was. The opening statement is made to enable you to better understand the testimony as it is offered; the arguments are made to

enable you in reaching a proper conclusion; the instructions of the court are to give you the law which will guide you in your deliberations; the evidence is what the witnesses have been permitted to say to you on the witness stand." The claim of error in this instruction is based upon the contention that the effect was to exclude from the consideration of the jury the testimony of certain witnesses contained in depositions read in evidence on behalf of the defendant, and all documentary evidence. The language employed by the trial court is incorrect and unfortunate, but the error does not seem to have influenced the jury. The objection, if well taken, would have excluded documentary evidence offered and received on behalf of the plaintiffs to establish their claim of title put in issue by a denial, and the finding of the jury could be supported upon no other theory than the one that documentary evidence was considered by them.

Upon the oral argument it was insisted by counsel for plaintiffs in error that the judgment does not correspond with the verdict of the jury, in that it gives to the plaintiffs a somewhat larger tract of land than they are entitled to under the verdict, and it was finally conceded by counsel for defendant that this objection was well taken, and for the purpose of correcting the judgment so that it may correspond with the verdict, we recommend that the judgment of the district court be reversed and the cause remanded, with instructions to enter judgment accordingly.

ALBERT, C., concurs.

DUFFIE, C., not sitting.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded, with instructions to enter judgment conforming to the verdict of the jury.

JUDGMENT ACCORDINGLY.